991 F.2d 809
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Orlinda GRIEGO, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 92-3512.
 United States Court of Appeals, Federal Circuit.
 March 10, 1993.
 
 Before RICH, MAYER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Orlinda Griego (Ms. Griego) seeks review of the June 5, 1992 final decision of the Merit Systems Protection Board (Board), Docket No. AT07529010711, affirming the Defense Reutilization and Marketing Office's (Agency) decision to remove Ms. Griego from her position as a property marketing clerk for stealing government funds while serving as a cashier during the sale of surplus Department of Defense (DOD) property. We affirm.
 
 DISCUSSION
 
 2
 Ms. Griego was removed from her employee position based on charges that she stole Government funds while working as a cashier during the sale of surplus DOD property. Ms. Griego was accused of altering and/or failing to enter receipts for property sold, and taking the money collected in connection with those receipts. The Administrative Judge (AJ) determined that the Agency, by a preponderance of the evidence, established that Ms. Griego had committed the alleged theft, that there was a nexus between the theft and the efficiency of the service, and that the penalty of removal was appropriate.
 
 
 3
 The AJ heard the testimony of Ms. Griego, customers who purchased property associated with the unentered or altered receipts, and several other Agency employees. After hearing all the testimony, the AJ made credibility determinations adverse to Ms. Griego. Such credibility determinations are virtually unreviewable, Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986), and "will not be disturbed unless it is 'inherently improbable or discredited by undisputed fact or physical evidence.' " Carosella v. United States Postal Service, 816 F.2d 638, 641 (Fed.Cir.1987) (citation omitted).
 
 
 4
 We may set aside the Board's decision only if we find it to be (1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). We see no such error here and, accordingly, affirm.